Jesse Junior SHERMAN and Doris Maye
Sherman, Husband and Wife,
Appellants (Defendants),

v.

P.J. ROSE, Appellee (Plaintiff).

No. 96–125.

Supreme Court of Wyoming.

Aug. 28, 1997.

Georg Jensen, of Law Offices of Georg Jensen, Cheyenne, for Appellants.

Bruce N. Willoughby, of Brown, Drew, Massey & Sullivan, Casper, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

THOMAS, Justice.

This appeal must be dismissed because of the failure of Jesse Junior Sherman and Doris Maye Sherman (Shermans) to file a notice of appeal within thirty days from the entry of the Order Granting Summary Judgment. In response to a contention by P.J. Rose (Rose) that this Court lacks jurisdiction, the Shermans rely upon a motion to reconsider order granting plaintiff's motion for summary judgment, filed in the district court, as tolling the time within which the notice of appeal was required to be filed. We hold that a motion to reconsider a decision must be the functional equivalent of a motion to alter or amend

the judgment for the period for filing a notice of appeal to be tolled. Unless such a motion serves to demonstrate an intervening change in controlling law, new evidence not available at the time of the original hearing, or the need to correct a clear error of law or prevent a manifest injustice, the motion to reconsider will not serve as the functional equivalent of a motion to alter or amend the judgment. The motion to reconsider order granting plaintiff's motion for summary judgment, filed in this case, did not serve as the functional equivalent of a motion to alter or amend the judgment, and the appeal must be dismissed because the Notice of Appeal was filed more than thirty days after the entry of the Order Granting Summary Judgment.

The Shermans in the Brief of Appellant articulate these substantive issues:

1. Did the district court err in holding that the Defendant's redemption was untimely?

2. Did the district court err in concluding that the Plaintiff–Appellee's notice of intent to apply for a tax deed was effective even though such notice was void as a violation of the automatic stay of the Defendants' bankruptcy proceeding?

The Brief of Appellee P.J. Rose offers this counter statement of the issues presented for review:

1. Did the district court err in holding that the defendant's redemption was untimely?

2. Did the district court err in applying the majority rule that a bankruptcy automatic stay does not prevent the expiration of a redemption period?

In addition to the substantive issues, Rose presents as his first two arguments:

1. The Wyoming Supreme Court should summarily dismiss this appeal with prejudice for lack of jurisdiction after an untimely appeal.

2. The Wyoming Supreme Court should summarily dismiss this appeal with prejudice for failure to comply with the Wyoming Rules of Appellate Procedure.

The underlying facts relate to a house the Shermans once owned in Casper. On July 25, 1992, the property was sold for delinquent taxes. The certificate of purchase, which was issued to the purchaser at the tax sale, later was assigned to Rose. On April 25, 1995, Rose advertised a Notice of Intent to Apply for a Tax Deed in the Casper Star Tribune. The notice stated that the last day the property could be redeemed was August 9, 1995, and on that day Rose would apply for the tax deed. Rose sent the Notice of Intent to Apply for a Tax Deed by certified mail to the Shermans, as the record owners, at their Cheyenne address. The mailed copy was delivered to the Shermans on May 4, 1995. On July 21, 1994, the Shermans filed a petition for reorganization pursuant to 11 U.S.C. §§ 1101 et seq. The proceeding was converted to a Chapter 7 bankruptcy, and ultimately was dismissed on July 20, 1995.

On August 9, 1995, Rose filed an application for a tax deed, and it was accepted. On that same day, the Shermans attempted to redeem the property by sending a cashier's check by Federal Express to the Natrona County Treasurer. The check was received on the following day, August 10, 1995. The Shermans and Rose both filed motions for summary judgment. They sought a determination as to whether the Shermans' redemption was valid; whether the Notice of Intent to Apply for a Tax Deed was stayed by the Shermans' bankruptcy; and whether title to the property could be quieted in favor of Rose. The district court ruled in favor of Rose. It concluded that the Shermans' bankruptcy did not inhibit the Notice of Intent to Apply for a Tax Deed, and that the attempted redemption of the property by the Shermans was not timely. On January 11, 1996, the Shermans filed a Motion to Reconsider Granting of Plaintiff's Motion for Summary Judgment. The Shermans' position is that this motion for reconsideration was deemed denied after ninety days, and they filed a timely notice of appeal on April 24, 1996. That was more than thirty days after the entry of the Order Granting Summary Judgment, but less than thirty days after the time at which the Shermans deemed the Motion to Reconsider Order Granting Plaintiff's Motion for Summary Judgment to have been denied.

Even had Rose not argued the question of jurisdiction, this court would have the right

to consider its jurisdiction on its own motion. *Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769, 771 (Wyo.1993); *Kurpjuweit v. Northwestern Development Co., Inc.*, 708 P.2d 39, 44 (Wyo.1985); *Hayes v. State*, 599 P.2d 569, 570 (Wyo.1979); *Jackson v. State*, 547 P.2d 1203, 1205 (Wyo.1976); *Wyoming State Treasurer ex rel. Workmen's Compensation Dept. v. Niezwaag*, 444 P.2d 327, 328 (Wyo.1968); *Big Horn Coal Co. v. Sheridan–Wyoming Coal Co.*, 67 Wyo. 300, 224 P.2d 172, 177 (1950). Indeed, we have a duty to be satisfied as to the jurisdiction of this court. *Niezwaag; Big Horn Coal Co.* We hold that the Notice of Appeal was not timely filed in this instance, and do not reach either the argued issue of failure to comply with our rules of appellate procedure or the substantive issues argued by the parties.

The thirty day period for filing a notice of appeal from a judgment in the district court is prescribed by Wyo. R. App. P. 2.01. A timely motion to alter or amend the judgment under Wyo. R. Civ. P. 59 tolls the period for filing a notice of appeal. Wyo. R. App. P. 2.02. The crux of the issue in this case is whether the motion to reconsider should be deemed a motion to alter or amend a judgment pursuant to Wyo. R. Civ. P. 59.

 A motion styled as a motion for reconsideration, if filed within the ten day period, generally could be considered a motion to alter or amend a judgment under Wyo. R. Civ. P. 59(e). *See Waye v. First Citizen's Nat. Bank*, 846 F.Supp. 310, 313 (M.D.Pa.1994). A determination, however, as to whether a motion to reconsider should be deemed a motion to alter or amend the judgment depends upon the contents of the motion, not its title. *See Davis v. Lukhard*, 106 F.R.D. 317, 318 (E.D.Va.1984). In order to qualify for treatment as a motion to alter or amend a judgment, the motion must articulate a new ground which could not have been brought before the court during the action and upon which the trial court should utter a different ruling. The motion to alter or amend cannot be invoked simply to argue

matters already presented and disposed of by the trial court. *See Lukhard*, 106 F.R.D. at 318; *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir.1986). Appropriate new grounds are: 1) an intervening change in controlling law; 2) the availability of new evidence not available at the time the case was originally heard; or 3) the need to correct a clear error of law or prevent manifest injustice.[1] *See Waye*, 846 F.Supp. at 313; *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss.1990). A motion that does not contain any of these new grounds is not a motion to alter or amend the judgment, and the time for filing a notice of appeal runs from the date of the judgment. *See Frito–Lay of Puerto Rico, Inc. v. Cañas*, 92 F.R.D. 384, 390 (D.C.Puerto Rico 1981). The filing of a motion that is not to be treated as a motion to alter or amend the judgment will not stay the time for appeal. *See Lukhard*, 106 F.R.D. at 318.

 Shermans' motion to reconsider order granting plaintiff's motion for summary judgment cannot be considered as a motion to alter or amend the judgment under Wyo. R. Civ. P. 59. It was filed on January 11, within ten days of the Order Granting Summary Judgment, and was procedurally timely. Substantively, however, the filed motion is not sufficient. The motion to reconsider order granting plaintiff's motion for summary judgment asks the court to do nothing more than reconsider issues already litigated, or asks the court to consider arguments which should have been asserted at the original summary judgment motion hearing. The Shermans do quote a late December 1995 case from this Court that was not available to the trial court at the time the Order Granting Summary Judgment was entered, but they make no showing of how reliance on the new case would alter the trial court's decision. In any event, the language quoted from the 1995 case is taken directly from a 1947 opinion from this court, and can hardly

---

1. "With regard to the third ground, the Court cautions that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss.1990), *quoted in, Waye v. First Citizen's Nat. Bank*, 846 F.Supp. 310, 313 n. 3 (M.D.Pa.1994).

be considered an intervening change in controlling law.

■ The Shermans have not illustrated any intervening change in controlling law; any new evidence that became available subsequent to the hearing on the motion for summary judgment; or any necessity to correct a clear error of law or prevent manifest injustice. We hold that the motion to reconsider order granting plaintiff's motion for summary judgment cannot be considered a motion to alter or amend the judgment under WYO. R. CIV. P. 59. In the absence of a properly filed motion to alter or amend a judgment, the thirty day period for filing a notice of appeal never was tolled. The Notice of Appeal filed on April 24, 1996, clearly more than thirty days after the judgment was entered, does not serve to invoke the jurisdiction of this Court. When an untimely appeal is taken, we are without jurisdiction, and the case should be dismissed. *Bosler v. Morad*, 555 P.2d 567, 568 (Wyo.1976).

This appeal is dismissed for failure to invoke the jurisdiction of this Court.