**Barbara Jean MOREHOUSE,
Appellant (Plaintiff),**

v.

**Russell Allen MOREHOUSE,
Appellee (Defendant).**

No. 97–178.

Supreme Court of Wyoming.

June 10, 1998

Larry R. Clapp of Clapp & Associates, P.C., Casper, for Appellant.

Richard H. Peek, Casper, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Following the entry of her divorce decree, Appellant Barbara Jean Morehouse (Mrs. Morehouse) discovered that Appellee Russell Allen Morehouse (Mr. Morehouse) had failed to list assets, and she filed a timely motion to vacate and alter or amend judgment. That order was denied, and this appeal was filed.

We hold the appeal is untimely and dismiss for failure to invoke the jurisdiction of this Court.

## ISSUES

Mrs. Morehouse presents these issues for our review:

A. Was it an abuse of the trial Court's discretion to deny the Appellant's Motion to Compel Discovery?

B. Was it an abuse of the trial Court's discretion to divide the real and personal property based upon Appellee's erroneous and incomplete Affidavit of Finances submitted to the Court on the day of trial[?]

C. Under the circumstances of this case was it an abuse of the trial Court's decision to deny the Appellant spousal support based upon her psychological condition, lack of employment history, lack of earnings and earning capacity, gross disparity of the parties income, and in light of the trial Court awarding the illiquid mortgage laden real property to the party least able to pay the indebtedness?

D. Was it an abuse of the trial Court's discretion to deny, without hearing, Appellant's Motion to Vacate and Alter or Amend Judgment when the motion was based upon evidence acquired after trial that Appellee had committed perjury by failing to disclose substantial assets?

Mr. Morehouse presents these issues:

1. Does the Wyoming Supreme Court lack jurisdiction due to the untimely filing of the Notice of Appeal?

2. Did the trial court abuse its discretion in denying the Appellant's Motion to Compel Discovery?

3. Did the trial court abuse its discretion in dividing the marital estate and denying the Appellant's request for spousal support?

4. Did the trial court abuse its discretion in denying the Appellant's Motion to Vacate and Alter or Amend Judgment?

## FACTS

Mr. Morehouse left his wife after twenty-eight years of marriage. Mrs. Morehouse filed for divorce, and believing Mr. Morehouse had begun a relationship with another woman, during discovery she attempted to compel Mr. Morehouse to respond to several interrogatories concerning his financial expenditures associated with his new relationship; however, the trial court denied a motion to compel discovery on these questions on December 31, 1996. A trial was held, and the court received into evidence the financial affidavits of both parties. The property was settled according to Mr. Morehouse's financial affidavit with minor changes, and a divorce decree was entered on April 14, 1997. On April 24, 1997, Mrs. Morehouse filed a motion to vacate or alter or amend judgment alleging Mr. Morehouse had perjured himself by misrepresenting the value of assets in his financial affidavit and excluding assets from the affidavit. Without hearing, and without any contrary evidence having been filed, the trial court denied Mrs. Morehouse's motion by an order filed May 7, 1997, ruling that the motion did not set forth a sufficient basis for relief and did not set forth reasons for a different decision at trial. On June 6, 1997, Mrs. Morehouse filed a notice of appeal of the order.

## DISCUSSION

Mr. Morehouse contends we are without jurisdiction to hear this appeal. This Court has a duty to be satisfied as to its jurisdic-

tion. *Sherman v. Rose*, 943 P.2d 719, 721 (Wyo.1997). Under Wyo. R.App. P. 2.01, the notice of appeal must be filed within thirty days of the final judgment; however, under Wyo. R.App. P. 2.02, a timely motion to alter or amend the judgment under Wyo. R. Civ. P. 59 tolls the period for filing a notice of appeal. *Id.* A motion to alter or amend a judgment must articulate a new ground which could not have been brought during the action and upon which the trial court should utter a different ruling. *Id.*

> The motion to alter or amend cannot be invoked simply to argue matters already presented and disposed of by the trial court. Appropriate new grounds are: 1) an intervening change in controlling law; 2) the availability of new evidence not available at the time the case was originally heard; or 3) the need to correct a clear error of law or prevent manifest injustice. A motion that does not contain any of these new grounds is not a motion to alter or amend the judgment, and the time for filing a notice of appeal runs from the date of the judgment. The filing of a motion that is not to be treated as a motion to alter or amend the judgment will not stay the time for appeal.

*Id.* (footnote and citations omitted).

Mrs. Morehouse filed her motion to vacate judgment or alter or amend judgment on the grounds that Mr. Morehouse had perjured himself at trial by submitting an affidavit that failed to disclose assets, had misrepresented the value of some assets, and had intimidated potential witnesses about the perjury, preventing her from discovering the truth at the time of trial. The motion was supported with receipts and affidavits.

Mr. Morehouse contends that although this motion is styled as a motion to vacate and alter or amend judgment and is filed pursuant to Rule 59, the motion is in essence a motion to reconsider. He contends that the issues raised in the motion filed by Mrs. Morehouse were raised and dealt with at trial. In reply, Mrs. Morehouse contends that her motion was uncontroverted in showing that, after the separation but before the divorce decree was entered, Mr. Morehouse had purchased a barbecue grill, a swing, a rifle, a shotgun, a desk, an entertainment center, and three items of jewelry that were never disclosed during the trial even though Mr. Morehouse testified that he had made a full disclosure of the marital assets.

Our careful review of the record on each of the grounds alleged in the motion shows that Mr. Morehouse was questioned about the inaccuracy of his asset list and financial affidavits. At trial, Mr. Morehouse disclosed and was cross-examined about purchasing a car not disclosed on his affidavit, discussed and was cross-examined on the changes in the value of several of his assets since the affidavit was filed, was cross-examined about the use of a second mortgage to purchase a Corvette, was cross-examined on jewelry purchases, admitted that he had inadvertently left out items such as television sets, weapons, tools and a VCR. Despite this testimony, the trial court accepted and adopted Mr. Morehouse's proposed property settlement in its entirety with minor changes.

From this review, it is clear that the trial court had an opportunity to consider the issue of whether Mr. Morehouse had committed perjury by intentionally failing to list assets and failing to update changes in their value. While these additional items could not have been brought up during the trial, their discovery does not constitute a new ground for a different ruling from the trial court. When a motion to alter or amend a judgment does not articulate a new ground which could not have been brought during the action and upon which the trial court should utter a different ruling, then it is, in essence, a motion to reconsider. *Sherman*, 943 P.2d at 721–22. A motion to reconsider does not stay the period for filing a notice of appeal, meaning this appeal should have been filed within the thirty day period for filing a notice of appeal from the date of final judgment, April 14, 1997. This appeal was not filed until June 6, 1997, and is untimely.

This appeal is dismissed for failure to invoke the jurisdiction of this Court.

LEHMAN, J., files a dissenting opinion in which TAYLOR, C.J., joins.

LEHMAN, Justice, dissenting, with whom TAYLOR, Chief Justice, joins.

I respectfully dissent. My perception of the facts is this: The trial court denied Mrs. Morehouse's motion to compel discovery. As a result, Mrs. Morehouse was only able to learn of and cross-examine Mr. Morehouse about *some* of the "inadvertent" omissions in his financial affidavit. After trial, Mrs. Morehouse discovered further omissions and misrepresentations of marital assets and brought those to the attention of the trial court. The court, without so much as a hearing, determined that this additional evidence was simply more of the same and not cause for a different result. A majority of this court agreed that Mrs. Morehouse's motion to vacate and alter or amend the judgment pursuant to W.R.C.P. 59 was, in essence, a motion to reconsider.

As the majority points out, a motion to alter or amend a judgment must articulate a new ground which could not have been brought during the action and upon which the trial court should utter a different ruling. In *Sherman v. Rose*, we stated that appropriate new grounds are: 1) an intervening change in controlling law, 2) the availability of new evidence not available at the time the case was originally heard, and 3) the need to correct a clear error of law or prevent manifest injustice. 943 P.2d 719, 721 (Wyo.1997). Clearly, the additional undisclosed assets were newly discovered and could not have been brought up at trial, as the majority acknowledges. I cannot agree, however, with the majority's assertion that the discovery of additional omissions and misrepresentations did not constitute grounds for a different ruling by the trial court.

Mr. Morehouse was questioned at trial about inaccuracies in his asset list and financial affidavits, and he admitted that he had inadvertently left out such substantial items as television sets, weapons, tools, and a VCR. Nevertheless, the court accepted Mr. Morehouse's proposed property settlement with only minor changes. I find it incredible that, despite the thorough examination and cross-examination on the subject, Mr. Morehouse could have "inadvertently" failed to disclose still other items. I find it even more incredible that evidence of these *additional* omissions and misrepresentations is insufficient to cause the court to utter a different ruling because the court already considered whether Mr. Morehouse committed perjury.

The division of marital property is to be just and equitable. W.S. 20–2–114. The omissions and misrepresentations here, which go beyond those previously considered by the court and raise legitimate questions about Mr. Morehouse's truthfulness, can only result in a distribution of marital assets which is manifestly unjust to Mrs. Morehouse. I believe that the motion was proper under Rule 59 and that we should examine this appeal on its merits.