2004 WY 66

**Telesforo Ray PADILLA, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 03–102.

Supreme Court of Wyoming.

June 15, 2004.

Representing Appellant: Telesforo Ray Padilla, pro se.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Daniel M. Fetsco, Assistant Attorney General.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Telesforo Ray Padilla appeals from a district court's denial of reconsideration of a motion for sentence reduction. We dismiss the appeal for lack of jurisdiction.

## ISSUES

[¶ 2] Padilla presents this statement of the issues:

1. Whether the judge committed reversible error when he denied appellant's sentence reduction by mistake in thinking case was dismissed.

2. Whether counsel, Mr. Rose, was ineffective when he did not read the April 9, 2002, order until May 23, 2002, and noticed the error 45 days after the fact.

The State presents the following issues:

I. Should appellant's untimely filed appeal be dismissed for lack of jurisdiction in this Court to hear and decide his issues?

II. Did the district court abuse its discretion by denying appellant's motion for sentence reduction?

III. Did appellant have a constitutional right to counsel, and did he in any event receive effective assistance of counsel?

## FACTS

[¶ 3] After being charged with nineteen counts of obtaining property by false pretenses, Padilla pled nolo contendere to eight counts and was sentenced on March 23, 2001. On March 22, 2002, Padilla filed a motion for sentence reduction for docket numbers 26–345 and 349. By an order entered April 9, 2002, the district court denied the motion stating that it had reviewed the Judgment and Sentence of the Court entered on March 28, 2001, and found the sentence appropriate.

[¶ 4] The docket number for the judgment and sentence was also 26–345 and 349. At some point, a handwritten docket number of 26–146 was superimposed over these typed docket numbers throughout the record although 26–146 was a dismissed case. No appeal was taken from that order denying

the motion for sentence reduction. On December 11, 2002, Padilla filed a *pro se* motion requesting reconsideration of that order, claiming that the original motion for sentence reduction and its denial were filed for a dismissed case and no decision was made on the merits. According to the State, the incorrect docket number was employed; however, the orders were properly filed under 26–349. On December 16, 2002, the district court denied that motion for reconsideration, and Padilla appealed that denial on January 2, 2003.

## DISCUSSION

### Standard of Review

[¶ 5] The State contends that Padilla's failure to timely appeal the order denying the motion for sentence reduction entered on April 9, 2002, has deprived this Court of jurisdiction to hear his appeal and it must be dismissed. The denial of a motion for sentence reduction is a final appealable order that must be appealed within thirty days to obtain the court's jurisdiction. *Hopkinson v. State*, 704 P.2d 1323, 1326 (Wyo. 1985); W.R.A.P. 1.05; W.R.A.P. 2.01. If an appeal is untimely, the court lacks jurisdiction, and the appeal must be dismissed. This Court reviews jurisdictional matters de novo. *Tomlin v. State*, 2001 WY 121, ¶ 5, 35 P.3d 1255, ¶ 5 (Wyo.2001). After reviewing the merits of Padilla's motion for sentence reduction, the district court entered an order of denial on April 9, 2002. No timely appeal was taken from that order. Padilla's motion for reconsideration alleged that the district court had mistakenly ruled on a case that had been dismissed and had not reached the merits of his original motion for sentence reduction.

### Jurisdiction

[¶ 6] Because jurisdiction is at issue, we will review whether this Court can obtain jurisdiction by considering whether Padilla had timely requested relief from judgment as permitted by W.R.C.P. 60(b).[1] The Wyo-

1. Rule 60 in relevant part provides:
   (b) *Other reasons.*—On motion, and upon such terms as are just, the court may relieve a party or

a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or ex-

ming Rules of Criminal Procedure do permit the rules of civil procedure to apply to questions not governed by criminal procedure rules. W.R.Cr.P. 1(a).[2] Further, we have indicated that under limited circumstances this Court will consider an appeal from a motion for reconsideration. *See Sherman v. Rose*, 943 P.2d 719, 720–21 (Wyo.1997) (reconsideration motion must be the functional equivalent of a motion to amend or alter judgment); *see also Simon v. Teton Bd. of Realtors*, 4 P.3d 197, 202 (Wyo.2000) (arbitration procedural review request did not alter statutory filing time).

[¶ 7] Here, Padilla must comply with the timing requirements of W.R.Cr.P. 35(b):

> (b) *Reduction.*—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation.

His original motion was filed within one year and his motion for reconsideration filed on December 11, 2002, must provide grounds for relief under the applicable rule of civil procedure and must also comply with that rule's timing requirements.

■ [¶ 8] Our review shows that Padilla's motion for reconsideration was not based upon any ground that affords him relief from the order denying sentence reduction. *See* W.R.C.P. 60. The contents of his original

motion requested a review on the merits and the district court's denial made clear that it had reviewed the judgment and sentence for which Padilla requested reduction. Padilla's motion for reconsideration contended the district court had mistakenly considered a dismissed case; however, the record does not support that contention. Therefore, Padilla's motion for reconsideration cannot be considered a proper motion under Rule 60, and the district court and this Court are without jurisdiction to consider the motion.

[¶ 9] This appeal is dismissed for failure to invoke the jurisdiction of this Court.

---

cusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more

than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation.

**2.** (a) *Scope.*—Except as provided in Rule 54, these rules govern the procedures to be followed in all criminal proceedings in all Wyoming courts. When not inconsistent with the Juvenile Court Act, these rules shall also apply in delinquency proceedings. In the event that a procedure is not established by these rules, the Wyoming Rules of Civil Procedure shall govern.