2006 WY 3

**Connie PLYMALE, f/k/a Connie Donnelly, Appellant (Defendant),**

v.

**Gavin DONNELLY, Appellee (Plaintiff).**

No. 05–1.

Supreme Court of Wyoming.

Jan. 6, 2006.

---

Before HILL, C.J., and GOLDEN, KITE, VOIGT, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Connie Plymale, f/k/a/ Donnelly (Mother) appeals an order denying her motion to reconsider an order granting abatement of child support in favor of Gavin Donnelly (Father). We hold that a postjudgment motion to reconsider is a nullity under the Wyoming Rules of Civil Procedure. Any order ruling on such a motion is therefore void. Having nothing to review, this appeal is dismissed.

## BACKGROUND

[¶ 2] Mother and Father had two children through marriage. They subsequently divorced. Mother was given primary residential custody of the children during the school year. Father was given primary residential custody of the children during the summer. Father requested child support abatement from the district court for the time he had residential custody of the children during the summer of 2004. The district court granted an abatement. No appeal was taken from the order granting the abatement.

[¶ 3] Four days after the order granting the abatement was filed, Mother filed a motion for the district court to reconsider its order. The district court denied Mother's motion to reconsider. Mother appeals the order denying her motion to reconsider.

## DISCUSSION

[¶ 4] While no party has raised the issue of jurisdiction, this Court has a duty to satisfy itself that it has jurisdiction to entertain an appeal. *Sherman v. Rose*, 943 P.2d 719, 721 (Wyo.1997). This Court has jurisdiction to entertain appeals only from final, appealable orders. W.R.A.P. 1.04(a), 1.05; *McLean v. Hyland Enterprises, Inc.*, 2001 WY 111, ¶¶ 19–20, 34 P.3d 1262, 1268 (Wyo.2001) (this Court has no jurisdiction to entertain appeal from non-final order). Under the circumstances of this case, this Court has jurisdiction only if the district court order denying Mother's postjudgment motion for reconsideration is a final, appealable order.

[¶ 5] The Wyoming Rules of Civil Procedure provide various methods to obtain relief from judgment, such as those contained in Rules 50, 59 and 60, along with a direct appeal. Conspicuously absent is a provision for a stand-alone "motion for reconsideration." In point of fact, the Wyoming Rules of Civil Procedure do not recognize a "motion for reconsideration."[1] Motions for reconsid-

---

1. Federal courts consistently acknowledge that the Federal Rules of Civil Procedure do not rec-ognize a motion for reconsideration. *See, e.g., Hatfield v. Board of County Comm'rs*, 52 F.3d

eration stem solely from unauthorized local practice. We have held that "[c]ourt rules have the force and effect of law and are construed in the same manner as statutes. Compliance with court rules is mandatory." *Paxton Resources, L.L.C. v. Brannaman,* 2004 WY 93, ¶ 16, 95 P.3d 796, 801 (Wyo. 2004), *cert. denied,* —— U.S. ——, 125 S.Ct. 976, 160 L.Ed.2d 901 (2005) (internal quotation omitted). The Wyoming Rules of Civil Procedure provide no authorization for a motion for reconsideration and none can be inferred therefrom. Strict compliance with the rules requires that motions for reconsideration be considered nullities.

[¶ 6] We acknowledge that, in prior appeals, we have reviewed the substance of motions for reconsideration in order to determine whether the motion serves as the functional equivalent of an authorized motion that defers the start of the appeal period. *See, e.g., Sherman v. Rose,* 943 P.2d 719 (Wyo. 1997) (in order to toll time, a motion to reconsider must be the functional equivalent of a motion to alter or amend judgment); *Morehouse v. Morehouse,* 959 P.2d 179 (Wyo. 1998) (motion to reconsider that is not the functional equivalent of a motion to alter or amend judgment does not toll time). However, in these prior appeals the exact question of the validity of a motion for reconsideration was not before us. These prior opinions therefore contain no precedential authority on the issue at hand.

[¶ 7] In any event, recognition by this Court, or a lower court, of a motion for reconsideration cannot alter the dictates of the Wyoming Rules of Civil Procedure. This Court has previously adopted the dissent of Justice Clark in *Thompson v. Immigration and Naturalization Service,* 375 U.S. 384, 389, 84 S.Ct. 397, 400, 11 L.Ed.2d 404 (1964):

[T]he error of the trial judge in entertaining the motions could not be validated by the acquiescence of the Government. It is elementary that the parties cannot confer jurisdiction on the court.

We have said that untimely motions to amend the findings and for new trial are of no legal significance whatsoever because the limiting language of Rule 6(b) is "mandatory and jurisdictional and cannot be extended regardless of excuse." *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960). In my view we should abide by these rules or amend them, rather than emasculate them.

Rules of procedure are a necessary part of an orderly system of justice. Their efficacy, however, depends upon the willingness of the courts to enforce them according to their terms. Changes in rules whose inflexibility has turned out to work hardship should be effected by the process of amendment, not by ad hoc relaxations by this Court in particular cases. Such dispensations in the long run actually produce mischievous results, undermining the certainty of the rules and causing confusion among the lower courts and the bar.

*See Miller v. Murdock,* 788 P.2d 614, 616–17 (Wyo.1990) (cited with approval in *Paxton Resources, L.L.C.,* ¶ 16, 95 P.3d at 801). Henceforth, we will enforce the Wyoming Rules of Civil Procedure as written and consider postjudgment motions for reconsideration, so denominated, a nullity. To the extent any prior opinion suggests otherwise, it is expressly hereby overruled.

[¶ 8] In addition to securing enforcement of the Wyoming Rules of Civil Procedure, a bright-line rule declaring postjudgment motions to reconsider nullities is supported by policy considerations. The entertainment of

858, 861 (10th Cir.1995) (The Federal Rules of Civil Procedure do not recognize a "motion to reconsider.") (citing *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992)); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990) (same) (*partially abrogated on other grounds, see Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075–76 n. 14 (5th Cir.1994)(en banc)). Other jurisdictions have also reached the same conclusion under their rules. *See, e.g., Fleming v. District of*

·*Columbia,* 633 A.2d 846, 848 (D.C.1993) ("A motion for reconsideration, by that designation, is unknown to the Superior Court's Civil Rules."); *Hamilton v. Rybar,* 111 Idaho 396, 724 P.2d 132, 133 (1986) ("the Idaho Rules of Civil Procedure do not provide for a petition to reconsider") (*partially abrogated on other grounds, see McIntire v. Orr,* 122 Idaho 351, 834 P.2d 868 (1992)); *Wales v. Wales,* 2003 Iowa App., 662 N.W.2d 371, 2003 WL 118235 (Iowa Ct.App. 2003) ("motion to reconsider has no authorization in the Iowa Rules of Civil Procedure").

motions for reconsideration is a waste of judicial resources. In likewise determining that a motion for reconsideration is a nullity, the Supreme Court of Ohio explained:

Practical considerations also mandate and support our determination herein. Once again, this court as well as the lower courts are left in a procedural quagmire of trying to elevate a motion for reconsideration after a final judgment to the status of a motion for a new trial or as a motion for a directed verdict or the like. The courts have had the arduous task of trying to inspect each and every motion for reconsideration which is filed in the trial court after a final judgment, and try to decipher form over substance. This is a costly procedure, both financially and in manual labor, which, as in the present cause, results in a procedural morass which clouds the merits. Complications concerning the timeliness of appeal and whether the Court of Appeals is vested with jurisdiction when a motion for reconsideration is filed after a final judgment can and should be avoided. See Judge Krenzler's concurring opinion in *North Royalton Edn. Assn. v. Bd. of Edn.* (1974), 41 Ohio App.2d 209, at 218, 325 N.E.2d 901.

The application for a motion for reconsideration after a final judgment is simply a legal fiction created by counsel, which has transcended into a confusing, clumsy and "informal local practice." See *Kauder* [*v. Kauder* (1974), 38 Ohio St.2d 265, 313 N.E.2d 797], *supra,* and Kent, Odds & Ends, 49 Cleve. Bar J. 280.

*Pitts v. Ohio Dep't of Transp.,* 67 Ohio St.2d 378, 423 N.E.2d 1105, 1107 (1981). We agree. In the past, this Court has expended great effort in determining with what rule of civil procedure a particular postjudgment motion for reconsideration can be equated. Such effort can be easily eliminated by simply requiring parties to adhere to the Wyoming Rules of Civil Procedure and file a motion authorized under the rules.

[¶ 9] Finally, the past practice of recognizing motions for reconsideration, besides being inefficient, has produced inconsistent results, with the right to appeal hanging in the balance. Filing an authorized motion for postjudgment relief will eliminate uncertainty for all involved. The filing by aggrieved parties of a motion that is properly designated under the rule authorizing the motion, such as Rule 50, 52 or 59, will ensure full appellate rights are preserved.

[¶ 10] The obvious consequence of categorizing a motion for reconsideration as a nullity is that "all judgments or final orders from said motion are a nullity." *Pitts,* at 1107. *See also State ex rel. Pendell v. Adams County Bd. of Elections,* 40 Ohio St.3d 58, 531 N.E.2d 713, 715 (1988). We emphasize that this includes not only orders denying motions for reconsideration, but orders granting such motions as well. Orders granting a motion for reconsideration, and any action taken pursuant to that order, are void. Applying this principle to the present case, the district court's order denying Mother's motion to reconsider is void.

## CONCLUSION

[¶ 11] Mother titled her postjudgment motion "Motion to Reconsider Order Allowing Abatement." This Court will no longer look at the substance of such a motion but rather simply declare it a nullity based upon its denomination. The district court order purportedly denying this motion is void. There being no final appealable order to review, this appeal is dismissed.

GOLDEN, J., delivers the opinion of the Court; KITE, J., files a specially concurring opinion, in which BURKE, J., joins.

KITE, J., specially concurring, in which BURKE, J., joins.

[¶ 12] I concur in the result reached by the majority that the appeal must be dismissed because it was not taken from a final order. I also agree the motion to reconsider was not an authorized post-trial motion under our rules. Nor was it the functional equivalent of an authorized post-trial motion under our rules. Therefore, had I authored the majority opinion, the result would be the same—dismissal of the appeal. I have concerns, however, that the majority goes further than is necessary to reach that result and, in doing so, fails to give proper regard

to *stare decisis.* I also have concerns that the majority does not state clearly enough that the holding is to have prospective application only.

[¶ 13] The issue in this case is whether a motion for reconsideration, a motion that is neither authorized nor recognized under our rules, can extend the time for appeal. This is the same issue we addressed in *Sherman v. Rose,* 943 P.2d 719 (Wyo.1997). We held a motion for reconsideration cannot extend the time for appeal unless the motion is the functional equivalent of a post-judgment motion authorized under our rules. In *Morehouse v. Morehouse,* 959 P.2d 179 (Wyo. 1998), we reiterated our holding in *Sherman* and extended it to conclude that a motion identified as a motion to alter or amend the judgment, which was the functional equivalent of a motion to reconsider, could not extend the time for appeal. The rule of law established in those cases was that a post-trial motion, regardless of the name it is given, does not extend the time for appeal unless it articulates the grounds required for such a motion under our rules. As recently as 2004, we reiterated that under the limited circumstances identified in *Sherman,* this Court will consider an appeal from a motion to reconsider. *Padilla v. State,* 2004 WY 66, ¶ 6, 91 P.3d 920, 922 (Wyo.2004).

[¶ 14] In the present case, I agree dismissal is proper because the appeal was not taken from an order denying a motion that was the functional equivalent of an authorized post-judgment motion. However, the majority goes further and holds: "Henceforth, we will enforce the Wyoming Rules of Civil Procedure as written and consider post-judgment motions for reconsideration, so denominated, a nullity." This holding suggests that any motion delineated as a motion for reconsideration will be automatically a nullity, even if the content of the motion is the functional equivalent of an authorized motion under our rules. To the extent that our prior cases held to the contrary, the majority concludes, they are overruled.

[¶ 15] I do not disagree that a bright line rule might be helpful. I also do not disagree that there are policy considerations that support such a bright line rule, including the difficulties inherent in deciphering whether a particular motion for reconsideration is the functional equivalent of an authorized motion for post-judgment relief. However, as a practical matter, when we are assessing the timeliness of an appeal and determining whether a post-judgment motion has tolled the time for appealing, we will still need to consider the substance of the motion. Even if a motion is denominated a Rule 59 motion, it must be a *proper* motion, stating new grounds and containing more than a recital or reference to the rule, in order to have a tolling effect. Thus, our emphasis must still be on substance, rather than form, and we should not be constrained by the name a party puts on a particular pleading. Consistent with our precedent, I believe this should be the rule for motions denominated "motion to reconsider," just as it necessarily must be the rule for motions identified as Rule 59 motions.

[¶ 16] Additionally, I am of the view that the majority opinion should have prospective application only, meaning it should apply only to motions filed after publication of this opinion. To make it otherwise is unfair to litigants and attorneys who have relied upon *Sherman* and *Morehouse.* Giving the opinion prospective application does not change the result in this case for the reasons previously mentioned. Although the majority announces its ruling with the word "henceforth," it is not clear whether that means the ruling applies to all future appeals or to motions filed after publication of this opinion. I believe the opinion should clearly state that it applies only to motions filed after publication of this opinion.