2006 WY 115

**SLU, Appellant (Respondent),**

v.

**STATE of Wyoming, Department of Family Services, Appellee (Petitioner).**

**No. C–06–1.**

Supreme Court of Wyoming.

Sept. 15, 2006.

Representing Appellant: Walter Urbigkit, Cheyenne, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Dan Wilde, Senior Assistant Attorney General; Ellen Rutledge, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL,* KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] The Wyoming Department of Family Services (DFS) filed a petition to establish paternity and child support, pursuant to which a child support order was entered against SLU. Accompanying the order were several documents including a "Child Support Computation Form" and an "Affidavit of Income Determination." These two documents were submitted by DFS without prior

approval or even knowledge of SLU. SLU promptly moved to strike these documents, claiming they contained false information and information inconsistent with the final support order. Her motion was denied. SLU filed the instant notice of appeal from the denial of her motion to strike.

[¶ 2] SLU does not take issue with the final support order, but rather only with the presence in the district court file of the two above-referenced allegedly extraneous documents. SLU does not contend that the documents she seeks to have stricken affected the final support order in any manner. As such, we need only rely upon SLU's own argument in determining that the order denying her motion to strike does not meet the definition of an appealable order as found in W.R.A.P. 1.05.[1] Since this Court only has jurisdiction to entertain appeals from final appealable orders, and the order denying SLU's motion to strike in this matter is not such an order, we hereby dismiss this appeal. *Plymale v. Donnelly,* 2006 WY 3, ¶ 4, 125 P.3d 1022, 1023 (Wyo.2006).

1. Rule 1.05 states:
   An appealable order is:
   (a) An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment; or
   (b) An order affecting a substantial right made in a special proceeding; or
   (c) An order made upon a summary application in an action after judgment; or
   (d) An order, including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5), Wyo. R. Civ. P.; if an

appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party; or
   (e) Interlocutory orders and decrees of the district courts which:
   (1) Grant, continue, or modify injunctions, or dissolve injunctions, or refuse to dissolve or modify injunctions; or
   (2) Appoint receivers, or issue orders to wind up receiverships, or to take steps to accomplish the purposes thereof, such as directing sales or other disposition of property.