2011 WY 21

**Christopher Charles FREEMAN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–11–0033.

Supreme Court of Wyoming.

Feb. 9, 2011.

## ORDER DISMISSING APPEAL

This matter came before the Court upon its own motion following a review of recently docketed appeals.   In his notice of appeal, Appellant indicates he is appealing from two district court orders: (1) an "Order Granting, In Part, and Denying, In Part, Motion to Correct Illegal Sentence," which was entered on November 18, 2010, and (2) an "Order Denying Motion for Reconsideration," which was entered on December 16, 2010.   Appellant filed his notice of appeal on January 14, 2011.

First, with respect to the "Order Granting, In Part, and Denying, In Part, Motion to Correct Illegal Sentence," the notice of appeal is clearly untimely as to that order.

W.R.A.P. 2.01(a) ("An appeal from a trial court to an appellate court shall be taken by filing the notice of appeal with the clerk of the trial court within 30 days from entry of the appealable order ...").   The next question is whether Appellant's Motion for Reconsideration tolled the time for filing the notice of appeal.   In a criminal case, there are certain post-judgment motions that toll the time for filing a notice of appeal.   The following rule governs:

> W.R.A.P. 2.03.   Tolling of time for filing of notice of appeal in criminal case.
>
> (a) The running of the time for appeal in a criminal case is terminated by the timely filing of a motion for judgment of acquittal made pursuant to Rule 29(c), Wyo.R.Cr.P.; a motion for a new trial made pursuant to Rule 33, Wyo.R.Cr.P.; or a motion in arrest of judgment made pursuant to Rule 34, Wyo.R.Cr.P.

A Motion for Reconsideration is clearly not listed as the sort of motion that tolls the time for filing a notice of appeal in a criminal case.   In fact, as will be discussed later, the Motion for Reconsideration was void.   *Ragsdale v. Hartford Underwriters Ins. Co.*, 2007 WY 163, ¶ 4, 169 P.3d 78, 80 (Wyo.2007) ("With the exception of motions denominated as motions for reconsideration, which are automatically void, this Court looks to the substance of a motion in order to determine the appropriateness of the motion.")   Moreover, even if this Court could consider the substance of the Motion for Reconsideration, the motion could not be treated as one of the motions listed in Rule 2.03, given the circumstances of this case, *i.e.*, a motion to correct illegal sentence.   In sum, this Court lacks jurisdiction to consider an appeal from the "Order Granting, In Part, and Denying, In Part, Motion to Correct Illegal Sentence."   The notice of appeal is not timely as to that order, and the Motion for Reconsideration did not toll the time to file a notice of appeal from that order.

Turning to the "Order Denying Motion for Reconsideration," the notice of appeal is timely as to that order.   Also, even though the motion did not toll the time for filing a notice of appeal, there is still the question of whether the motion could serve as an inde-

pendent action. See *Andersen v. Hernandez*, 2005 WY 142, ¶ 10, 122 P.3d 950, 952 (Wyo.2005) ("An order denying relief under W.R.C.P. 60(b) is appealable."); see also *Padilla v. State*, 2004 WY 66, 91 P.3d 920 (Wyo.2004).

This Court finds that the Motion for Reconsideration did not create an independent action. In *Plymale v. Donnelly*, 2006 WY 3, ¶ 11, 125 P.3d 1022, 1025 (Wyo.2006), this Court has determined that it "will no longer look at the substance of such a motion [for reconsideration] but rather simply declare it a nullity based upon its denomination." "The obvious consequence of categorizing a motion for reconsideration as a nullity is that 'all judgments or final orders from said motion are a nullity.'" *Id.* at ¶ 10. Under *Plymale*, Appellant's motion for reconsideration, because it was denominated as such, is a nullity, as is the Order Denying Motion for Reconsideration. Therefore, there being no final appealable order to review, this appeal must be dismissed. *Plymale*, at ¶ 11. It is, therefore,

**ORDERED** that the captioned appeal be, and hereby is, dismissed.

**BY THE COURT:**

/s/ Marilyn S. Kite
Chief Justice