2015 WY 63

Gerald David MANZANARES,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

Nos. S–14–0186, S–14–0187.

Supreme Court of Wyoming.

April 29, 2015.

Representing Appellant: Gerald D. Manzanares, pro se.

Representing Appellee: Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Caitlin F. Young, Assistant Attorney General.

Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.

FOX, Justice.

[¶ 1] Gerald Manzanares pled guilty to one count of larceny by bailee and two counts of false statement to obtain title. He now challenges the district court's denial of his motion to amend judgment and sentence in the larceny charge, and denial of his motions to amend the captions in both criminal matters. He also argues, with regard to his larceny by bailee charge, that he was sentenced under a criminal statute that was repealed during the pendency of his proceedings. This Court lacks jurisdiction to consider the merits of any of Mr. Manzanares' arguments and we therefore dismiss.

### ISSUES

[¶ 2] Before considering the merits of Mr. Manzanares' arguments, this Court must de-

termine whether jurisdiction exists. We therefore present the issues as follows:

1. Does this Court have jurisdiction to review Mr. Manzanares' motion to amend judgment and sentence when he filed his notice of appeal more than thirty days after the district court's final disposition of the matter?

2. Does this Court have jurisdiction to review the denial of Mr. Manzanares' motions to amend caption when the district court had no jurisdiction over the motions, and he did not directly appeal to this Court within the period required by W.R.A.P. 2.01(a)?

3. Does this Court have jurisdiction to consider Mr. Manzanares' claim that he was sentenced under a repealed statute when he filed his notice of appeal more than thirty days after the district court's final disposition of the matter?

## FACTS

[¶ 3] In January 2011, Larry and JoEtta Schoeler leased a house to Gerald David Shupe Jr. and several others in Cheyenne, Wyoming. In March 2011, Ms. Schoeler went to the house to collect rent but could not find the tenants, nor could she contact them by phone because their numbers were disconnected. She filed for eviction, and upon its completion entered the house, finding it "trashed" and the appliances missing. She reported the larceny to the Cheyenne Police Department, and an investigation revealed Mr. Shupe had sold the appliances. The investigation further revealed that Mr. Shupe was also known as David Roderick and David Manzanares.

[¶ 4] In 2012, Mr. Manzanares was a tenant in the Apollo trailer park in Cheyenne. The park manager asked Mr. Manzanares to help research titles for two trailers presumed to be abandoned, and to assist him in getting the trailers titled in the manager's name. Mr. Manzanares made quick work of the task, and the manager soon received a new title to one of the trailers. Suspicious because he had never signed any documents transferring title, the park manager contacted the Laramie County Assessor's office which sent him a photocopy of one of the documents used to obtain the new title. The park manager realized that whoever facilitated the title transfer had forged his name, and he notified the Laramie County Sheriff's Department. Mr. Manzanares admitted to forging the names of both the record owner and park manager in order to secure the new title. In the course of the investigation, it was also discovered that Mr. Manzanares had transferred the title to the second abandoned trailer to himself by forging the name of a deceased person.

[¶ 5] In February 2013, Mr. Manzanares was charged with one count of larceny by bailee for stealing the Schoeler appliances. In March 2013, he was charged with two counts of false statement to obtain title for his actions in transferring the trailer home titles. Mr. Manzanares pled guilty to all three charges, and the cases proceeded through pleading and sentencing in tandem.

[¶ 6] As part of the larceny plea agreement, the State agreed to recommend a sentence of seven to ten years imprisonment, suspended in favor of ten years of supervised probation. Furthermore, the State agreed not to prosecute Mr. Manzanares for seven additional crimes involving fraudulent representations that had come to light through the course of investigations into Mr. Manzanares' conduct, on the condition he provide restitution to the victims of those seven crimes. The plea agreement itemized those victims and the agreed-upon restitution amounts, and provided: "THE DEFENDANT agrees and understands that the Defendant is responsible for restitution for all victims of the Defendant's actions, *including victims of any dismissed or uncharged incidents referenced above.*" (Emphasis in original.)

[¶ 7] On the false statement charges, the State agreed to recommend not less than twenty nor more than twenty-four months on each count, to be served consecutively. The agreement contained the same restitution obligations as the larceny agreement, including the same list of victims of his uncharged crimes.

[¶ 8] On March 28, 2013, Mr. Manzanares entered, and the district court accepted, both guilty pleas. At sentencing, the court agreed

to follow the sentencing and restitution recommendations outlined in both agreements.

[¶ 9] On September 20, 2013, the district court issued its *Judgment and Sentence* for the false statements to obtain title plea, which included restitution in the amount of $26,050.81 for the victims of his uncharged crimes.

[¶ 10] Also on September 20, 2013, the district court issued its *Judgment and Sentence* for the larceny plea, which provided restitution of $1,650.00 to the Schoelers, and $26,050.81 to the victims of his uncharged crimes, totaling $27,700.81. The larceny *Judgment and Sentence* listed the $26,050.81 amount twice; however, on September 26, 2013, in its *Amended Judgment and Sentence*, the district court removed the duplicated $26,050.81, leaving total restitution at $27,700.81.

[¶ 11] On November 21, 2013, Mr. Manzanares filed a motion to amend his judgment and sentence, arguing: "Restitution was ordered in the amount of $26,050.81 in both dockets ... for the same amounts and victims, and this was a clerical error. Restitution should have only been ordered [under the false statement to obtain title sentence]." In its response, the State agreed that the district court erred in imposing the same restitution twice, but disagreed with Mr. Manzanares, contending that the restitution should be applied only to the larceny sentence. On December 24, 2013, the district court, *sua sponte*, filed its *Second Amended Judgment and Sentence* in the false statement case, striking all restitution obligations, leaving Mr. Manzanares with a total restitution obligation of $27,700.81 attached to his larceny sentence and no restitution under his false statement to obtain title sentence. Later, on April 14, 2014, the court filed its *Order Denying Defendant's Motion to Amend Judgment and Sentence*, acknowledging the duplicated restitutions, but pointing out that the error had been corrected, and restitution was appropriately applied to the larceny sentence.

[¶ 12] On May 19, 2014, Mr. Manzanares filed a *Motion for Reconsideration of Order Denying Amendment of Judgment and Sentence*, and on May 28, 2014, the district court responded, stating:

After reviewing all the filings and being fully advised, the court FINDS that it lacks jurisdiction over the motion for reconsideration. Motions for reconsideration are automatically void. *Ragsdale v. Hartford Underwriters Ins. Co.*, 2007 WY 163, ¶ 4, 169 P.3d 78, 80 (Wyo.2007) citing *Plymale v. Donnelly*, 2006 WY 3, ¶ 4, 125 P.3d 1022, 1023 (Wyo.2006); *Morehouse v. Morehouse*, 959 P.2d 179 (Wyo.1998); *Sherman v. Rose*, 943 P.2d 719, 721 (Wyo. 1997).

[¶ 13] On April 23, 2014, Mr. Manzanares filed motions to amend the captions in both cases, seeking to change his name from "Gerald D. Manzanares" to "Gerald David Roderick." He cited to a recent divorce and reversion to his former name as support for the motions. On May 28, 2014, the court denied both motions, explaining: "Defendant presented no legal authority supporting an amendment based upon a name change[,]" and "the amendment would cause the court and the community confusion considering Defendant's extensive criminal history in Laramie County. The court possesses a legitimate interest in preserving the uniformity of its docket."

[¶ 14] On June 23, 2014, Mr. Manzanares filed his notice of appeal in both cases.

## STANDARD OF REVIEW

[¶ 15] "This Court reviews jurisdictional matters *de novo*." *Tomlin v. State*, 2001 WY 121, ¶ 5, 35 P.3d 1255, 1256 (Wyo. 2001); *see also Pfeil v. State*, 2014 WY 137, ¶ 7, 336 P.3d 1206, 1209 (Wyo.2014).

## DISCUSSION

**I. Does this Court have jurisdiction to review Mr. Manzanares' motion to amend judgment and sentence when he filed his notice of appeal more than thirty days after the district court's final disposition of the matter?**

[¶ 16] Mr. Manzanares filed his initial motion to amend judgment and sentence challenging his restitution in the larceny case on November 21, 2013, and it was denied on

April 14, 2014. Mr. Manzanares filed his motion for reconsideration challenging his restitution on May 19, 2014, and the district court responded, stating that it lacked jurisdiction to consider his motion for reconsideration and therefore the motion was void. In *Freeman v. State*, 2011 WY 21, 246 P.3d 601 (Wyo.2011), we firmly resolved the status of motions for reconsideration in the criminal context:

> This Court finds that the Motion for Reconsideration did not create an independent action. In *Plymale v. Donnelly*, 2006 WY 3, ¶ 11, 125 P.3d 1022, 1025 (Wyo. 2006), this Court has determined that it "will no longer look at the substance of such a motion [for reconsideration] but rather simply declare it a `nullity based upon its denomination." "The obvious consequence of categorizing a motion for reconsideration as a nullity is that 'all judgments or final orders from said motion are a nullity.'" *Id.* at ¶ 10. Under *Plymale*, Appellant's motion for reconsideration, because it was denominated as such, is a nullity, as is the Order Denying Motion for Reconsideration. Therefore, there being no final appealable order to review, this appeal must be dismissed. *Plymale*, at ¶ 11.

*Id.*, 2011 WY 21, 246 P.3d at 602. The proper course for Mr. Manzanares would have been to file his notice of appeal within thirty days following the district court's denial of his initial motion to amend judgment and sentence. W.R.A.P. 2.01(a). Because he failed to do so within the timeline established by our appellate rules, there is no final appealable order to review, we are without jurisdiction, and therefore we dismiss. *Freeman*, 2011 WY 21, 246 P.3d at 602.

**II. Does this Court have jurisdiction to review the denial of Mr. Manzanares' motions to amend caption when the district court had no jurisdiction over the motions, and he did not directly appeal to this Court within the period required by W.R.A.P. 2.01(a)?**

[¶ 17] Upon judgment and sentence entered by the district court, the conviction is final and the case is no longer pending. *Brown v. State*, 2008 WY 9, ¶ 13, 175 P.3d 1158, 1163 (Wyo.2008). Furthermore, we have held:

> Once a defendant's conviction is final because he has exercised his right to appeal, or the time for appeal has expired, the district court no longer has authority over the case. The district court only has jurisdiction to act if the case has been remanded or if a specific, express exception conferring jurisdiction is created by a rule or statute.

*Kurtenbach v. State*, 2012 WY 162, ¶ 11, 290 P.3d 1101, 1104 (Wyo.2012) (quoting *Neidlinger v. State*, 2010 WY 54, ¶ 9, 230 P.3d 306, 308 (Wyo.2010)). The district court filed its final judgment and sentence in the larceny case on September 26, 2013. When Mr. Manzanares filed his motion to amend the caption on April 23, 2014, his time to appeal had expired. Similarly, in the false statement to obtain title case, the district court filed its final judgment and sentence on December 24, 2013, and Mr. Manzanares filed his motion seeking to amend the caption on April 23, 2014. Because Mr. Manzanares failed to perfect an appeal to this Court within the time allotted under our appellate rules, he bears the burden of demonstrating that a rule or statute provides express authority conferring jurisdiction to address the motions. *Kurtenbach*, 2012 WY 162, ¶ 11, 290 P.3d at 1104.

[¶ 18] Mr. Manzanares first directs this Court to W.R.C.P. 15(a)(2) [1], which does not exist. "[W]e need not consider issues which are not supported by proper citation of authority and cogent argument or which are not clearly defined." *Hamburg v. Heilbrun*, 889 P.2d 967, 968 (Wyo.1995) (quoting *Young v. Hawks*, 624 P.2d 235, 239 (Wyo.1981)).

[¶ 19] He then cites two civil cases decided under F.R.C.P. 15(c), which is comparable to W.R.C.P. 15(c), to argue that courts consistently allow a party to correct a mistake or

---

1. W.R.Cr.P. 1(a) provides: "In the event that a procedure is not established by these rules, the Wyoming Rules of Civil Procedure shall govern."

misnomer in a party name and relate that change back to the initial complaint. In *Wentz v. Alberto Culver Co.*, 294 F.Supp. 1327 (D.Mont.1969), the court allowed amendment of the caption to correct the name of a defendant corporation that had dissolved and been acquired by a company with a different name, concluding: "The court holds that there is a difference between correcting a misnomer and changing a party and that a misnomer may be corrected under the amendment power expressed in ... [F.R.C.P.] 15(c)." *Id.* at 1328. In *Mitchell v. CFC Fin., LLC*, 230 F.R.D. 548 (E.D.Wis. 2005), the court allowed a change of caption to correct the defendant's name which was acquired through merger, holding: "courts generally allow relation back in misnomer cases because, as here, the correct defendant is before the court, is aware that it is being sued and will suffer no prejudice from the amendment." *Id.* at 551. Similarly, Wyoming's Rule 15(c) allows amendment to the caption and relation back to the original pleading when there is a "mistake concerning the identity of the proper party[.]" W.R.C.P. 15(c)(3). Mr. Manzanares fails to demonstrate how a misnomer or mistake occurred when his legal name at the time of captioning and final disposition was correct.[2]

[¶ 20] The issue on appeal is whether Mr. Manzanares should be permitted to amend a criminal case caption that accurately reflected his legal name at the time the case was disposed of. He fails to provide, nor can we find, any authority suggesting a defendant may change his name in a criminal case caption after judgment and sentencing. Because Mr. Manzanares fails to provide any legal authority for extending the district court's jurisdiction under such circumstances, and he failed to timely file a direct appeal to this Court, W.R.A.P. 2.01(a), we are without jurisdiction to consider the merits of Mr. Manzanares' issue and we therefore dismiss. *Kurtenbach*, 2012 WY 162, ¶ 14, 290 P.3d at 1104.

### III. Does this Court have jurisdiction to consider Mr. Manzanares' claim that he was sentenced under a repealed statute when he filed his notice of appeal more than thirty days after the district court's final disposition of the matter?

[¶ 21] Mr. Manzanares' argument that he was charged and sentenced under a repealed statute could have been raised in a direct appeal to this Court; however, Mr. Manzanares failed to perfect his appeal of the issue in the time allotted by W.R.A.P. 2.01(a).[3] *Freeman*, 2011 WY 21, 246 P.3d at 601. As a result, we are without jurisdiction and we therefore dismiss.

### CONCLUSION

[¶ 22] This Court lacks jurisdiction to resolve any of Mr. Manzanares' issues, and we therefore dismiss the appeal.

2. Mr. Manzanares cites to another federal civil action in which the court, under F.R.C.P. 15(a)(2), permitted amendment of the case caption to correct a misnomer that was admitted to by the opposing party. *Paatalo v. First American Title Co. of Montana, Inc.*, No. CV–13–128–BLG–SEH–CS, 2014 WL 858999, at *2–3 (D.Mont. Mar. 5, 2014). Federal Rule of Civil Procedure 15(a)(2) only applies to amendments to the pleadings prior to trial and is inapplicable to Mr. Manzanares' circumstance. *See Amedisys v. Interim Healthcare of Wichita, Inc.*, No. 14–CV–1357–CM–TJJ, 2015 WL 847135, at *1 (D.Kan. Feb. 26, 2015) ("Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial.").

3. Mr. Manzanares was charged on February 1, 2013, and the legislative amendment repealing larceny by bailee did not take effect until July 1, 2013. "If a statute is repealed or amended, the repeal or amendment does not affect pending actions, prosecutions or proceedings, civil or criminal." Wyo. Stat. Ann. § 8–1–107 (LexisNexis 2013).