2009 WY 9

**Sandra STERANKO, Petitioner,**

v.

**Danielle DUNKS, Respondent.**

No. S-09-0008.

Supreme Court of Wyoming.

Jan. 29, 2009.

**ORDER GRANTING PETITION FOR WRIT OF REVIEW**

[¶ 1]  **This matter** came before the Court upon a "Petition for Writ of Review," filed herein January 12, 2009. After a careful review of the petition, the materials attached thereto, the Response to Petition for Writ of Review, and the file, this Court finds it appropriate to rule on this matter without further briefing. This Court finds and rules as follows.

[¶ 2]  This case arises from civil litigation in the Fifth Judicial District, Park County, Civil Docket No. 24693. Petitioner seeks review of the district court's "Motion to Reconsider Decision Letter," which was filed on January 9, 2009. In the decision letter, the district court indicated it would deny "Plaintiff's [Petitioner's] Motion to Revise Ruling Denying Continuance and Limiting Testimony." The district court wrote: "[Petitioner] asks the Court to reconsider its previous

Decision Letter, dated December 16, 2008. Such a motion is a nullity in Wyoming, as explained in *Plymale v. Donnelly,* 2006 WY 3, 125 P.3d 1022 (Wyo.2006)." Petitioner challenges the quoted portion of the district court's ruling.

[¶ 3]  Preliminarily, this Court observes that W.R.A.P. 13 was designed for interlocutory review of *orders,* not revisable decision letters. W.R.A.P. 13.02. However, any problem in that regard was alleviated when the district court, on January 26, 2009, entered its "Order Denying Plaintiff's Motion to Revise Ruling Denying Continuance and Limiting Testimony," which incorporates the Motion to Reconsider Decision Letter.

[¶ 4]  Turning to the merits, this Court concludes that the district court's application of *Plymale v. Donnelly,* 2006 WY 3, 125 P.3d 1022 (Wyo.2006) was error. In that case, this Court wrote: "Henceforth, we will enforce the Wyoming Rules of Civil Procedure as written and consider postjudgment motions for reconsideration, so denominated, a nullity. To the extent any prior opinion suggests otherwise, it is expressly hereby overruled." *Id.* at ¶ 7, 125 P.3d at 1024.

[¶ 5]  This *Plymale* court emphasized that post-judgment motions are critical to the timing of an appeal. The court wrote:

We acknowledge that, in prior appeals, we have reviewed the substance of motions for reconsideration in order to determine whether the motion serves as the functional equivalent of an authorized motion that defers the start of the appeal period.... [T]he past practice of recognizing motions for reconsideration, besides being inefficient, has produced inconsistent results, with the right to appeal hanging in the balance. Filing an authorized motion for postjudgment relief will eliminate uncertainty for all involved. The filing by aggrieved parties of a motion that is properly designated under the rule authorizing the motion, such as Rule 50, 52 or 59, will ensure full appellate rights are preserved.

*Id.* at ¶¶ 6, 9, 125 P.3d at 1024, 1025; *see also* W.R.A.P. 2.02(a).

[¶ 6]  This Court concludes that the rule of *Plymale* should not be extended to pre-

judgment motions to reconsider. First, the concerns with respect to appeals, as expressed in *Plymale*, are not present with pre-judgment motions to reconsider. Second, this Court finds that recognizing such motions is consistent with a district court's traditional authority to revise its rulings prior to final judgment. *See Broadhead v. Broadhead*, 737 P.2d 731, 733 (Wyo.1987) ("[I]f a trial court in exercise of its discretion may modify tentative decisions until entry of the final order, it does not err in rendering a decree with changed provisions."). Therefore, this Court holds that pre-judgment motions to reconsider, whether denominated as such or not, are valid in Wyoming.

[¶ 7] Finally, with respect to Petitioner's Motion to Stay District Court Proceedings, this Court finds the motion should be denied. Trial in this matter is set to begin February 2, 2009. This Court does not intend to disrupt the district court's schedule. Given the timing of this order, this Court believes that the district court will have sufficient time to consider, prior to trial, "Plaintiff's Motion to Revise Ruling Denying Continuance and Limiting Testimony." Thus, this Court sees no need for a stay. It is, therefore,

[¶ 8] **ORDERED** that the Petition for Writ of Review, filed herein January 12, 2009, be, and hereby is, granted; and it is further

[¶ 9] **ORDERED** that the district court's January 26, 2009, "Order Denying Plaintiff's Motion to Revise Ruling Denying Continuance and Limiting Testimony," be, and hereby is, reversed and vacated; and it is further

[¶ 10] **ORDERED** that this matter is remanded to the district court with direction that the district court consider, on its merits, "Plaintiff's Motion to Revise Ruling Denying Continuance and Limiting Testimony;" and it is further

[¶ 11] **ORDERED** that Petitioner's Motion to Stay District Court Proceedings, filed herein January 12, 2009, be and hereby is, denied.

**DATED** this 29th day of January, 2009.

BY THE COURT:
/s/William U. Hill
WILLIAM U. HILL, Justice.