2012 WY 153

### Aline H. McWILLIAMS, Appellant (Defendant),

v.

### The STATE of Wyoming, Appellee (Plaintiff).

No. S–12–0126.

Supreme Court of Wyoming.

Dec. 11, 2012.

---

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Darci A.V. Arsene, Special Assistant Attorney; Matthew F. Redle, Special Assistant Attorney. Argument by Mr. Redle.

Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.

VOIGT, Justice.

[¶1] This is an appeal from the district court's order modifying a previous deferral order entered pursuant to Wyo. Stat. Ann. § 35-7-1037 (LexisNexis 2011), the district court's entry of judgment of conviction on one previously deferred count, and the district court's entry of judgment and sentence on that count. We affirm.

## ISSUES

[¶2] 1. Are the State's Motion to Reconsider and the subsequent Order on State's Motion to Reconsider, and the subsequent Judgment and Sentence nullities, and therefore void?

2. If the Motion to Reconsider was not a nullity, was it deemed denied under W.R.C.P. 6(c)(2)?

## FACTS

[¶3] The appellant was charged with three counts of illegal drug possession, two counts being felonies and one count being a misdemeanor. Without having entered into a plea agreement with the State, the appellant pled guilty to all three counts at arraignment. The district court found that a factual basis existed for all three counts, but ordered a presentence investigation without accepting any of the pleas or adjudicating guilt.

[¶4] After the sentencing hearing some months later, the district court, over the objections of the State, entered an Order Pursuant to W.S. § 35-7-1037. The relevant term of that order, for purposes of this appeal, is the district court's deferral of further proceedings without adjudicating guilt on both of the felonies.[1]

1. Wyo. Stat. Ann. § 35-7-1037 reads as follows:

Whenever any person who has not previously been convicted of any offense under this act or

[¶ 5] One day after the order was entered, the State filed a Motion to Reconsider. The Motion to Reconsider was based on three arguments: (1) the appellant did not deserve a deferral; (2) Wyo. Stat. Ann. § 35-7-1037 is unconstitutional in that it violates the doctrine of separation of powers by not requiring the State's consent to a deferral; and (3) the district court lacks authority to grant a deferral where an information contains multiple counts. The Motion to Reconsider was filed on November 17, 2011, but it was not heard by the district court until March 27, 2012, which was 131 days later.

[¶ 6] During the motion hearing, the district court stated that it believed it had erred as a matter of law in granting deferrals on both counts, withdrew one of the deferrals, accepted the appellant's guilty plea on one count, and proceeded to sentencing. A Judgment and Sentence was filed on April 20, 2012, followed five days later by the Order on State's Motion to Reconsider. The gravamen of the order is contained in its first two findings:

1.  W.S. § 35-7-1037 does not authorize the Court to order deferral of multiple counts of an information or indictment;
2.  The Court erred in deferring entry of conviction and sentence in both Counts 1 and 2[.]

[¶ 7] The appellant now challenges both the Order on State's Motion to Reconsider and the subsequent Judgment and Sentence. As can be seen from the appellant's statement of the issues set forth above, *see supra* ¶ 2, the appellant is not herein contesting the district court's determination that it lacked the authority to grant two deferrals in the case.[2] Rather, the appellant is challenging the district court's authority to consider the State's Motion to Reconsider.

## STANDARD OF REVIEW

[¶ 8] The parties agree that this appeal is in the nature of a challenge to subject matter jurisdiction, which is a question of law that we review *de novo*. *Eckdahl v. State*, 2011 WY 152, ¶ 16, 264 P.3d 22, 27 (Wyo. 2011).

## DISCUSSION

*Are the State's Motion to Reconsider and the subsequent Order on State's Motion to Reconsider, and the subsequent Judgment and Sentence nullities, and therefore void?*

In *Plymale v. Donnelly*, 2006 WY 3, ¶ 3, 125 P.3d 1022, 1023 (Wyo.2006), a mother filed a motion to reconsider after the district court entered an order granting her ex-husband's request for child support abatement. The district court denied the motion and the mother appealed. On its own motion, this Court held that motions to reconsider, and orders entered thereon, were "nullities" and therefore void, because no court rule provided for such a motion. *Id.* at ¶¶ 7-10, 125

---

under any statute of the United States or of any state relating to narcotic drugs, marihuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under W.S. 35-7-1031(c) or 35-7-1033(a)(iii)(B), the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under W.S.

35-7-1038. *There may be only one (1) discharge and dismissal under this section with respect to any person.* This section shall not be construed to provide an exclusive procedure. Any other procedure provided by law relating to suspension of trial or probation, may be followed, in the discretion of the trial court.
(Emphasis added.)

2.  *See Barnes v. State*, 951 P.2d 386, 388 (Wyo. 1998), and *Dickson v. State*, 903 P.2d 1019, 1025 (Wyo.1995) ("[W]e might find a good deal of difficulty in sustaining the district court. Wyo. Stat. § 7-13-301 [ (LexisNexis 2011) ] does not readily adapt to its application in a multi-count case. The legislative intent seems clear to the effect it can only be used once."). Wyo. Stat. Ann. § 7-13-301 is the criminal code equivalent of Wyo. Stat. Ann. § 35-7-1037, which is found in the controlled substances act.

P.3d at 1024–25. *See also Ragsdale v. Hartford Underwriters Ins. Co.,* 2007 WY 163, ¶ 7, 169 P.3d 78, 81 (Wyo.2007). Of more significance to the instant case, we held in *Steranko v. Dunks,* 2009 WY 9, ¶ 6, 199 P.3d 1096, 1096–97 (Wyo.2009), "that the rule of *Plymale* should not be extended to pre-judgment motions to reconsider." Our reasoning was two-fold: (1) the concern with whether a motion to reconsider stays the time for filing an appeal is not present pre-judgment; and (2) district courts traditionally have had the authority to revise their rulings prior to final judgment. *Id. See also Freeman v. State,* 2011 WY 21, 246 P.3d 601, 601–02 (Wyo.2011) (tolling of time for filing appeal), and *Broadhead v. Broadhead,* 737 P.2d 731, 733 (Wyo. 1987) (district court's authority to revise rulings).

[¶ 10] The rule of *Plymale v. Donnelly,* which rule is the central focus of the appellant's argument, does not apply to pre-judgment motions to reconsider. The State's Motion to Reconsider was filed and heard before judgment was entered and was not, therefore, a nullity.

### If the Motion to Reconsider was not a nullity, was it deemed denied under W.R.C.P. 6(c)(2)?

[¶ 11] We are tempted to decline to answer this question because nearly half of the appellant's brief is dedicated to an argument that would make W.R.C.P. 6(c)(2) inapplicable to her case. Before we dissect that argument, we will set forth the court rules that give the argument some plausibility. W.R.Cr.P. 1 contains, *inter alia,* the following sentence: "In the event that a procedure is not established by these rules, the Wyoming Rules of Civil Procedure shall govern." W.R.C.P. 6(c)(2) provides that "[a]ny motion, under Rules 50(b) and (c)(2), 59 and 60(b), not determined within 90 days after filing shall be deemed denied...." In turn, W.R.C.P. 60(b) authorizes the trial court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding" for any of numerous listed reasons. In the second issue raised in this appeal, the appellant contends that if this Court should determine that the State's Motion to Reconsider was not a nullity because it was really a W.R.C.P. 60(b) motion, then the motion was deemed denied 90 days after it was filed.

[¶ 12] Arguing alternatively to her primary argument that the State's motion was a nullity because it was a motion to reconsider, the appellant contends in regard to this second issue that, "[i]f the Court determines that Rule 60 W.R.Civ.P. should be bootstrapped into criminal procedure then it is necessary that the time limits governing its exercise also be bootstrapped with it." Prior to making that assertion, however, the appellant sets forth numerous reasons why she does not believe W.R.C.P. 60(b) was available to the State as an avenue for relief: (1) W.R.Cr.P. 1 does not allow the incorporation of civil rules into the criminal rules where a procedure is already available in the criminal rules; (2) the State could have filed a bill of exceptions, or it could have filed a motion under W.R.Cr.P. 35(a) or W.R.Cr.P. 36; (3) the State's motion truly was a motion to reconsider as it did not contain a prayer for relief seeking any relief available under W.R.C.P. 60(b) (citing *Padilla v. State,* 2004 WY 66, ¶ 8, 91 P.3d 920, 922 (Wyo.2004)); (4) the motion did not seek to relieve the State from the deferral order, inasmuch as the State was not burdened by the order; (5) simply asking a judge to change his or her mind is the purest form of a motion for reconsideration; and (6) this Court has previously declined to import the civil "deemed denied" rule into criminal proceedings, where the rules of criminal procedure and constitutional due process govern the timely disposition of proceedings (citing *DeLoge v. State,* 2005 WY 152, ¶ 12, 123 P.3d 573, 578 (Wyo. 2005)).

[¶ 13] The record supports the conclusion that the State's motion was not a W.R.C.P. 60(b) motion, but was purely a motion to reconsider the district court's deferral order. The issue of a potential deferral under Wyo. Stat. Ann. § 35-7-1037 in a multi-count information came up as early as the arraignment, with the State taking the position that such exceeded the authority of the court. It was raised again at the first sentencing hearing, where the district court entered the deferrals despite the State's ob-

jections. The Motion to Reconsider was exactly what its title suggested; it was a request that the court reconsider its decision and "change its mind." In response, during the motion hearing, the district court acknowledged that "the Court was wrong," and that "[y]ou get one, you don't get two." This was strictly a motion to reconsider, not governed by the deemed denied provision of W.R.C.P. 6(c)(2).

[¶ 14] Finally, the tenor of some statements made in the dissenting opinion demand a response. The gravamen of the dissenting opinion, as it relates to the issue raised by the appellant, is the contention that the State's motion for reconsideration is a post-judgment motion, rather than a pre-judgment motion. But the dissenting opinion ventures far beyond that central focus. For instance, the dissenting opinion asserts in ¶ 24 that a deferral order "is not an order that a district court may revisit and revise in the exercise of its discretion." Where is the authority for that proposition? Does that mean never? Does that mean not even at the defendant's request? Does that mean not even if the suggested revision is to the defendant's advantage? We should not be trying to answer those questions in this case, where they are not directly addressed by counsel in the briefs. Next, the following sentence appears in ¶ 26 of the dissent: "[T]he majority has apparently eliminated any requirement that a motion for reconsideration be founded on legitimate, substantive legal grounds." Nothing of the sort has been done in this opinion. The district court granted the motion for reconsideration because it believed that it had entered the order of deferral illegally. That seems like substantive legal grounds. In a similar overstatement, the dissenting opinion says in ¶ 26 that the majority opinion "condones the use of motions for reconsideration lacking any substantive basis[.]" The reader should re-read the majority opinion and look for the words "This Court condones the use of mo-

tions for reconsideration lacking any substantive basis." Neither those specific words, nor the thought they impart, are contained in the majority opinion.[3]

[¶ 15] The first sentence of ¶ 27 in the dissent says this: "I am unaware of any rule, statute, or precedent that authorizes the district court to 'change its mind' following entry of a deferral order." That is not surprising, given that the appellant did not raise that question as a separate issue, nor did she brief it so as to tell this Court what "rule, statute, or precedent" we should be following in telling the district court that it has no such authority. Next, also in ¶ 27, the dissenting opinion quotes *Ken v. State*, 2011 WY 167, ¶ 32, 267 P.3d 567, 575 (Wyo.2011), in chastising the majority in the present case because it "fails to reflect and take into account the very limited ability of the State to challenge adverse determinations in a criminal case." A couple of comments about this quotation are in order. First, the appellant did not rely upon *Ken* in making her nullity argument. Second, *Ken* does not say that the State has a very limited ability "to challenge adverse determinations in a criminal case." What *Ken* says is that, "[i]n Wyoming, the prosecution in a criminal case does not have the right of direct appeal." *Id.* at ¶ 32, at 575. *Ken* cites *State v. Newman*, 2004 WY 41, ¶ 23, 88 P.3d 445, 453 (Wyo.2004), which involved "rare and unusual circumstances" wherein this Court accepted the State's petition for writ of review in lieu of a bill of exceptions after the district court dismissed the State's case with prejudice. *Id.* at ¶ 23, at 453. *Ken* also cites *Crozier v. State*, 882 P.2d 1230, 1236 (Wyo.1994). *Crozier* also has nothing to do with the present case; the question in *Crozier*, to which the answer was "no," was whether the State could get around the "no appeal" rule by cross-appealing after a jury trial. *Id.* at 1236. The instant case has nothing to do with the right of the State to bring an appeal or a bill of exceptions to this Court.[4] The question raised by the ap-

---

**3.** The penultimate sentence of ¶ 26 of the dissenting opinion says that the majority opinion "upholds 'post-judgment' motions for reconsideration that merely ask the district court to 'change its mind.'" We assume this is a typographical error, and that "pre-judgment" was meant instead, inasmuch as the majority opinion is based upon the contention that a deferral order is a "pre-judgment" order, not a "post-judgment" order.

**4.** A clarification might be in order here. In ¶ 30 of the dissenting opinion, the first sentence says

pellant has only to do with a pre-judgment ruling in the district court.

[¶ 16] Next, we must note the dissenting opinion's claim in ¶ 33 that, "[w]ith this opinion, the majority opens the door for discretionary reconsideration of the deferral order at any time during the probationary period." If that door is open, it is not because of the majority opinion. It is open because the Court has not been made aware, by this appellant or anyone else, of a rule of law prohibiting the district court from amending a deferral order while the case is still pending in that court's jurisdiction. Furthermore, this case involves a district court's determination that the order was illegally entered. There is no suggestion that the district court, in the exercise of its discretion, may modify a deferral order willy-nilly. The question of what a district court may or may not do with a deferral order is not before this Court as a stated issue in this case. That issue needs to be briefed and argued before it is answered. If the district court has no authority to correct an illegality in a deferral order, does that mean the court has no authority, for instance, to correct an illegality such as placing the defendant on probation for ten years, where the maximum is five years under the statute? Could the district court not make that correction *sua sponte?* In other words, does this Court, rather than the district court, have jurisdiction over a deferral order, with the exception of revoking the defendant's probation if the defendant is not successful or dismissing the case if the defendant is successful? This is not the case to try to answer that question.

[¶ 17] Lastly, W.R.A.P. 1.05 and the cases annotated thereafter make it clear that a "final" order and an "appealable" order are not necessarily the same thing. An order may be appealable even though it is not the final order entered in a case. Clearly, a deferral order is not a final order. The district court retains jurisdiction over the case, and a variety of additional orders may be entered. The fact that it may be an appealable order really has little to do with whether or not the district court may or may not amend it on the ground that it was an illegal order.

## CONCLUSION

[¶ 18] The State's pre-judgment Motion to Reconsider was not a nullity, and it was not a W.R.C.P. 60(b) motion that was deemed denied 90 days after filing. We affirm.[5]

BURKE, Justice, dissenting.

[¶ 19] I respectfully dissent. The issue before us involves the ability of the State to obtain review of an order of deferral by motion for reconsideration after the order has been entered. Resolution of this issue implicates our jurisprudence relating to motions for reconsideration, the limited options available to the State to obtain review of adverse rulings in criminal cases, and the fundamental nature of the deferral order that is at the heart of this case.

[¶ 20] In *Plymale,* this Court held that post-judgment motions for reconsideration are not authorized by the Wyoming Rules of Civil Procedure and will, henceforth, be considered a "nullity." *Id.,* ¶ 7, 125 P.3d at 1024. We explained the impact of our determination:

> The obvious consequence of categorizing a motion for reconsideration as a **nullity** is that "all judgments or final orders from

that "[i]t should be noted that the Order the State attempted to challenge in this case by appeal was the 'Judgment and Sentence' entered by the district court following the hearing on the motion to reconsider." This reference is to the State's filing in this Court of a cross-appeal, which it subsequently attempted to have converted to a petition for writ of certiorari. The motion to convert was denied and the improper notice of appeal was dismissed. In other words, once the district court had entered a judgment and sentence, this Court honored the proposition that, at that point in the case, the proper remedy for the State to seek was a bill of exceptions.

5.  It should be noted that, though the issue was mentioned in passing, the appellant does not herein directly challenge the authority of a trial court to "change its mind" and amend a deferral once the defendant has begun to serve his or her probation under the deferral order. Consequently, this opinion does not address that issue, *or any other issue the appellant could have raised but did not.*

said motion are a **nullity**." *Pitts*, at 1107. *See also State ex rel. Pendell v. Adams County Bd. of Elections*, 40 Ohio St.3d 58, 531 N.E.2d 713, 715 (Ohio 1988). We emphasize that this includes not only orders denying motions for reconsideration, but orders granting such motions as well. Orders granting a motion for reconsideration, and any action taken pursuant to that order, are void. Applying this principle to the present case, the district court's order denying Mother's motion to reconsider is void.

*Id.*, ¶ 10, 125 P.3d at 1025 (emphasis added). Our holding in *Plymale* is applicable to post-judgment motions for reconsideration filed in criminal cases. *Freeman v. State*, 2011 WY 21, 246 P.3d 601, 601–02 (Wyo.2011).

[¶ 21] Even though motions for reconsideration are not specifically authorized by the Wyoming Rules of Civil Procedure, we have determined that our holding in *Plymale* should not be applied to "pre-judgment" motions for reconsideration. *Steranko*, ¶ 6, 199 P.3d at 1096–97. We justified the distinction stating:

> This Court concludes that the rule of *Plymale* should not be extended to pre-judgment motions to reconsider. First, the concerns with respect to appeals, as expressed in *Plymale*, are not present with pre-judgment motions to reconsider. Second, this Court finds that recognizing such motions is consistent with a district court's traditional authority to revise its rulings prior to final judgment. *See Broadhead v. Broadhead*, 737 P.2d 731, 733 (Wyo.1987) ("[I]f a trial court in exercise of its discretion may modify tentative decisions until entry of the final order, it does not err in rendering a decree with changed provisions."). Therefore, this Court holds that pre-judgment motions to reconsider,

whether denominated as such or not, are valid in Wyoming.

*Id.* (emphasis added).

[¶ 22] In this case, the majority relies upon our holding in *Steranko* to reach its conclusion that the motion to reconsider filed by the State was a pre-judgment motion to reconsider because it "was filed and heard before judgment was entered and was not, therefore, a nullity." In reaching that conclusion, the majority apparently concludes that our decision in *Plymale* only applies in criminal cases where a motion for reconsideration is filed after a judgment and sentence is entered. With all due respect to the majority, such an approach is predicated upon an unjustifiably narrow interpretation of the term "post-judgment" as used in *Plymale* and overly-broad interpretation of the term "pre-judgment" employed in *Steranko*.

[¶ 23] The "post-judgment" order in *Plymale* was an order granting abatement of child support. *Id.*, ¶ 3, 125 P.3d at 1023. As used in *Plymale*, the term "post-judgment" refers to a motion filed after entry of a final, appealable order. The "pre-judgment" order in *Steranko* was a "Ruling Denying Continuance and Limiting Testimony" entered the month prior to the scheduled start of trial. We described the order as one that reflects a "tentative" decision within the "district court's traditional authority to revise ... prior to final judgment." *Steranko*, ¶ 6, 199 P.3d at 1097. There is no suggestion that the challenged order in *Steranko* was a "final, appealable" order. Ms. McWilliams contends that the order of deferral entered in her case is not such an order. I agree with Ms. McWilliams.

[¶ 24] The "Order Pursuant to W.S. § 35–7–1037" is a final, appealable order. *Billis v. State*, 800 P.2d 401 (Wyo.1990); *Meerscheidt v. State*, 931 P.2d 220 (Wyo. 1997). It is not a pre-judgment order that fits within the *Steranko* parameters. It is not tentative in any regard.[6] It is the type of

---

6. The order reflects that it was entered after completion of a presentence investigation report by the Wyoming Department of Corrections, Division of Probation and Parole, that had been ordered by the district court. The court reviewed the report prior to reaching its decision regarding proper disposition of the case. In the order, the district court noted the objections

from the State to deferral of the two felony counts, but chose to defer further proceedings on those two counts and did not enter the guilty pleas on those counts. The court entered the guilty plea on Count III and sentenced Defendant to one hundred eighty days in jail, but suspended the sentence, "in lieu of one (1) year of supervised probation, concurrent to her probationary

order that may only be challenged by the State in a manner authorized by statute, the rules of criminal procedure, or our precedent. It is not an order that a district court may revisit and revise in the exercise of its discretion. Wyo. Stat. Ann. § 35–7–1037 makes that clear: "Upon fulfillment of the terms and conditions, the court **shall** discharge the person and dismiss the proceedings against him." (Emphasis added.)

[¶ 25] In *Plymale* we recognized that we had previously looked to the substance of a "motion for reconsideration" in order to determine if the motion was premised upon a rule that tolled the time for filing a notice of appeal. We explained the problems associated with that approach and determined that, in the future, parties must properly designate the rule authorizing the motion. *Plymale*, ¶¶ 6–10, 125 P.3d at 1024–25. In this case, the majority does not identify any statute or rule of criminal procedure that authorizes the State to file the motion. It makes no attempt to look to the substance of the motion. It simply affirms declaring: "The record supports the conclusion that the State's motion was not a W.R.C.P. 60(b) motion, but was purely a motion to reconsider the district court's deferral order.... The Motion to Reconsider was exactly what its title suggested; it was a request that the court reconsider its decision and 'change its mind.'"

[¶ 26] In making that statement, the majority has apparently eliminated any requirement that a motion for reconsideration be founded on legitimate, substantive legal grounds. I use the term "apparently" because it is difficult to tell from the opinion whether the motion must be founded on substantive legal grounds. The opinion sends mixed messages. Although it condones the use of motions for reconsideration lacking any substantive basis, the majority also indicates that it is not making any "suggestion that the district court, in the exercise of its discretion, may modify a deferral order willy-nilly." The majority then attempts to tether its decision and the motion for reconsideration to substantive legal grounds. It points out that the district court granted the motion to reconsider because "it believed that it had entered the order of deferral illegally." According to the majority, "That seems like substantive legal grounds." The majority emphasizes that "[t]he fact that it may be an appealable order really has little to do with whether or not the district court may or may not amend it on the ground that it was an illegal order." But the majority opinion does not uphold the motion for reconsideration and the subsequent Judgment and Sentence on that basis. If it had, this dissent may not have been necessary. Instead, the majority validates "post-judgment" motions for reconsideration that are not tied to any substantive legal foundation. It upholds "post-judgment" motions for reconsideration that merely ask the district court to "change its mind." There is simply no way to reconcile the conclusion reached by the majority with the precedent we established in *Plymale.*

[¶ 27] I am unaware of any rule, statute, or precedent that authorizes the district court to "change its mind" following entry of a deferral order. If there is such a rule, the majority should identify it. We stated unequivocally in *Plymale*, that a motion for reconsideration is not recognized in the Wyoming Rules of Civil Procedure. The State has not suggested that a motion for reconsideration is authorized by any provision in the Wyoming Rules of Criminal Procedure. At

terms in Counts I and II." The court awarded defendant credit for 80 days of presentence confinement. As to Counts I and II, the district court:

> ... ORDERED, ADJUDGED, AND DE-CREED that on Counts I and II the Defendant is hereby placed on supervised probation while in the State of Wyoming for a term of three (3) to five (5) years, concurrent to one another, upon the following terms and conditions.

After listing the probation conditions, the Court ordered the Defendant to pay various assessments including $200 to the Crime Victim's Compensation Fund on "each of Counts I and II." The order concluded:

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in the event the Defendant shall violate any of the terms and conditions of probation as set forth herein or any of the rules and regulations of the Department of Corrections, Division of Probation and Parole, she shall be brought directly before this Court on an Order to Show Cause why her probation should not be revoked and why she should not be sentenced on these convictions.

the hearing on the motion for reconsideration, counsel for the State recognized the invalidity of a "stand-alone" motion for reconsideration:

> Your Honor, immediately before court commenced this morning counsel for the Defendant provided me with a copy of *Plymale v. Donnelly,* [2006 WY 3, 125 P.3d 1022 (Wyo.2006)] a decision of the Wyoming Supreme Court, and I simply want to point out to the Court that in *Plymale*—and I'm assuming that she intends to argue *Plymale* for the proposition that Wyoming does not recognize motions to reconsider.
>
> I would point out to the Court that in paragraph five of the *Plymale* opinion the Court points out the Wyoming Rules of Civil Procedure provide various methods to obtain relief from judgment, such as those contained in Rules 50, 59, and 60, along with the direct appeal.
>
> Conspicuously absent is a provision for a stand-alone motion for reconsideration. I would point out to the Court that the State is not relying upon any motion of a stand-alone motion for reconsideration; rather, Your Honor, as we cited in our motion originally, quote: "This motion is brought pursuant to Rule 1(a) of the Wyoming Rules of Criminal Procedure and Rule 60 of the Wyoming Rules of Civil Procedure." [7]

Perhaps more significantly, the decision reached by the majority fails to reflect and take into account the very limited ability of the State to challenge adverse determinations in a criminal case.

In Wyoming, the prosecution in a criminal case does not have the right of direct appeal. *Crozier v. State,* 882 P.2d 1230, 1236 (Wyo.1994).... The exclusive means available to the State to challenge an adverse ruling in a criminal case is by filing a bill of exceptions in accordance with Wyo. Stat. Ann. §§ 7–12–102 and 103 (LexisNexis 2011) or by filing a petition for writ of review pursuant to W.R.A.P. 13. *State v. Newman,* 2004 WY 41, ¶ 23, 88 P.3d 445, 453 (Wyo.2004); *Crozier,* 882 P.2d at 1236. *Ken v. State,* 2011 WY 167, ¶ 32, 267 P.3d 567, 575 (Wyo.2011).

[¶ 28]   The decision reached by the majority is also at odds with our handling of the State's attempt to challenge other aspects of the district court's ruling. As mentioned in the majority opinion, the State raised several issues in its motion for reconsideration. The State prevailed on its contention that the district court lacked authority to defer acceptance of the guilty plea and sentence for more than one count. However, the district court rejected the State's contention that its consent to the deferral was required. The State attempted to challenge that ruling. It filed a Notice of Appeal. That appeal was docketed in this Court as Case No. S–12–0171. Subsequently, the State attempted to convert its appeal to a "Petition for Writ of Certiorari." According to the State:

> After filing its Notice of Cross–Appeal, the State discovered that *Crozier v. State,* 882 P.2d 1230 (Wyo.1994), appeared to ban cross-appeals and any functional equivalent of an appeal by the State in criminal cases, holding that a bill of exceptions was the exclusive means by which the prosecution could request review of a trial court's ruling. *Id.* at 1236.

We rejected the State's motion and dismissed the appeal. We explained:

> **This matter** came before the Court upon "Cross–Appellant's Motion to Convert Cross–Appeal to Petition for Writ of Certiorari," e-filed herein July 27, 2012. After a careful review of the motion, the "Motion to Strike Respondent's Motion to Convert," and the file, this Court finds that the motion to convert should be denied and that this improper cross-appeal should be dismissed. *Crozier v. State,* 882 P.2d 1230, 1236 (Wyo.1994) ("The legislature has not authorized the State to appeal in a criminal case, and we conclude a cross-appeal is in effect the same as an appeal."). The Court finds that conversion to a writ should not

---

7. We have indicated previously that W.R.C.P. 60(b) is a potential avenue of relief from a judgment for a defendant. *Padilla v. State,* 2004 WY 66, 91 P.3d 920 (Wyo.2004). The State has not established that the rule also is available to it to obtain review of an adverse determination in a criminal case.

be allowed in this case because, *inter alia*, a bill of exceptions would provide an adequate remedy under the circumstances of this case. *See State v. Newman*, 2004 WY 41, ¶ 20, 88 P.3d 445, 452 (Wyo.2004).

[¶ 29] In its motion to convert appeal, the State referenced our decision in *Billis*. *Billis* reflects that an order of deferral is a final, appealable order. It also demonstrates proper use of a bill of exceptions to obtain review of a deferral order that is adverse to the State. In *Billis*, a county judge wished to enter an order of deferral under Wyo. Stat. Ann. § 7–13–301. The State refused to consent and argued that deferral was inappropriate under the facts of the case. Despite the objection and the failure of the State to consent, the judge entered a deferral order. The State sought appellate review by seeking permission to file a bill of exceptions under Wyo. Stat. Ann. § 7–12–102. We granted the State's application. *Billis*, 800 P.2d at 404–05. Ultimately, we determined the provision in Wyo. Stat. Ann. § 7–13–301 mandating State consent to a deferral did not violate the constitution. *Id.*, 800 P.2d at 427. The State did not seek a bill of exceptions in this case.[8]

[¶ 30] It should be noted that the Order the State attempted to challenge in this case by appeal was the "Judgment and Sentence" entered by the district court following the hearing on the motion to reconsider. At that hearing, the district court entered the guilty plea on Count II and sentenced appellant on that count. In the Judgment and Sentence the district court also ordered that further proceedings on Count I be deferred. It is that portion of the Judgment and Sentence that the State attempted to challenge in its appeal. It contended that the district court lacked legal authority to grant a deferral without State consent. As I understand the majority opinion, the deferral of Count I in the Judgment and Sentence is not yet a final, appealable order because sentence has not yet been imposed on that count. As mentioned previously, we have held in this case

that the State could not challenge that portion of the order by appeal or writ of review and have stated that a bill of exceptions "would provide an adequate remedy" for the State. Despite that determination, under the holding of this opinion, the State could still file a motion for reconsideration, asking the district court to "change its mind" because the order is a pre-judgment order to which our holding in *Steranko* applies. I would take a different approach. The two orders have different titles. One is labeled an "Order Pursuant to W.S. § 35–7–1037" and the other is termed a "Judgment and Sentence." Both, however, are final, appealable orders. A motion for reconsideration seeking review of either order is governed by our decision in *Plymale*.

[¶ 31] A comment regarding footnote 5 of the majority opinion is also warranted. In the footnote, the majority states: "the appellant does not herein directly challenge the authority of a trial court to 'change its mind' and amend a deferral once the defendant has begun to serve his or her probation under the deferral order. Consequently, this opinion does not address that issue." There is no support in the record for that conclusion.

[¶ 32] The majority defines a motion for reconsideration in this opinion as "a request that the court reconsider its decision and 'change its mind.'" Appellant's entire appeal is devoted to that issue. She contends that the motion to reconsider filed by the State was a request by the State that the district court "change its mind" regarding the deferral order. She contends that the deferral order was a final, appealable order. She claims that our holding in *Plymale* is applicable to the situation presented here because the deferral order was a final, appealable order. She claims that in *Plymale*, this Court clearly and unequivocally held that motions to reconsider following entry of a final, appealable order are not authorized and should be deemed "null and void." She points out that the pre-judgment motions for

---

8. To be clear, I am not saying a bill of exceptions is the only avenue for relief available to the State under these circumstances. A bill of exceptions is specifically authorized by statute. I am simply saying that a "stand-alone" motion for reconsideration and/or a motion filed under W.R.Cr.P. 1 and W.R.C.P. 60 are not authorized. The State has not claimed that any other statute or rule entitles it to the relief it seeks in this case.

reconsideration authorized by our decision in *Steranko* refer to "tentative" pre-trial type decisions, not to "final, appealable orders." It is simply inaccurate to claim that Appellant has failed to "raise the issue." The essence of this case is the nature of the "Order Pursuant to W.S. § 35–7–1037." If it is a "final, appealable order," *Plymale* controls.

[¶ 33] In this case, as a condition of the deferral, Ms. McWilliams was placed on probation for three to five years. With this opinion, the majority opens the door for discretionary reconsideration of the deferral order at any time during the probationary period. I cannot find any support for that approach in our precedent or the Wyoming Rules of Criminal Procedure.

[¶ 34] I agree with the majority that the issue that is presented in this appeal is very narrow. We have not been asked whether a district court can correct an illegal deferral order *sua sponte*. We have not been asked whether W.R.Cr.P. 35(a), which allows an illegal sentence to be corrected "at any time," applies to an illegal deferral order. We have not been asked to determine whether the original deferral order was illegal. We have not been asked to identify any, or all, remedies available to the State to challenge the entry of an illegal deferral order.

[¶ 35] The only issue before us is whether the State can obtain review of an order of deferral by way of a "motion for reconsideration." In order to resolve that issue we must determine whether the "Order Pursuant to W.S. § 35–7–1037" is a "post-judgment order" as that term is applied in *Plymale* or a "pre-judgment order" as that term is understood in *Steranko*. If it is a pre-judgment order, the motion for reconsideration is authorized. If it is a "post-judgment order," the motion for reconsideration is not permitted and is "null and void." I would conclude that order is a final, appealable order that is governed by *Plymale*. It is not the type of "tentative" order discussed in *Steranko*. The precedent we established in *Plymale* controls the decision we must reach in this case. The motion to reconsider filed by the State was a nullity. The district court's order on that motion is null and void, as is that portion of the Judgment and Sentence entered on the basis of that order. The "Order Pursuant to W.S. § 35–7–1037" should be reinstated.